

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| VERNON SAMUELS BROWN, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 9:25-30-MGL | |
| § | | |
| SGT. BENJAMIN MATTHEW, *Turbeville* § | | |
| *Corr Inst*, MS. JOHNSON, *Hearing Officer of* § | | |
| *Turbeville Corr Inst*, and WARDEN § | | |
| KENNETH SHARP, *Turbeville Corr Inst.*, § | | |
| Defendants. § | | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE
### AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

Plaintiff Vernon Samuels Brown (Brown), who is representing himself, filed this civil rights action against Defendants Sgt. Benjamin Matthew, Turbeville Corr Inst, Ms. Johnson, Hearing Officer of Turbeville Corr Inst, and Warden Kenneth Sharp, Turbeville Corr Inst. Brown alleges violations of his constitutional rights under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court summarily dismiss this case without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 6, 2025.  To date, Brown has failed to file any objections.

Although the Report was returned to the Court as undeliverable, the Magistrate Judge previously advised Brown of his duty "to always keep the Clerk of Court advised in writing . . . if [his] address changes for any reason, so as to assure that orders or other matters that specify deadlines for [him] to meet will be received by [him]."  March 19, 2025 Order at 2–3.  The Magistrate Judge further advised Brown any failure to comply with this requirement is deemed inexcusable and could result in dismissal of his case.  *Id*. at 3. Therefore, the Court will proceed to review the Report under the standard set forth herein.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standards set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court this case is summarily **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 17th day of June 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Brown is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.